Alfred G. NELSON, Sr. and Alfred G. Nelson, Jr., partners, trading as Nelson Piling Company, Plaintiffs,

v.

PETER KIEWIT SONS' CO. (Inc.), S. J. Groves & Sons Company (Inc.), Al Johnson Construction Co., (Inc.), and Condon-Cunningham, Inc., corporations, joint venturers, trading as North Atlantic Constructors, Defendants.

Civ. A. No. 71-54.

United States District Court,
D. New Jersey.

April 6, 1955.

Koehler, Augenblick & Freedman, Bernard Freedman, Newark, N. J., for plaintiffs.

Raymond Del Tufo, Jr., U. S. Atty., Charles H. Hoens, Jr., Asst. U. S. Atty., Newark, N. J., for petitioners.

HARTSHORNE, District Judge.

This suit on book account was instituted in the Superior Court of New Jersey, Law Division, Essex County, by plaintiffs, citizens and residents of Essex County, New Jersey, against defendants as joint venturers, trading as North Atlantic Constructors. Only defendants S. J. Groves & Sons Company (Inc.)—Groves—and Peter Kiewit Sons' Co. (Inc.)—Kiewit—were served, by service upon their agents for the service of process. Such defendants filed a petition for removal of the cause to this Court, alleging as grounds therefor diversity of citizenship, in that Groves was a citizen and resident of Minnesota, with its principal place of business in Minneapolis, and Kiewit was a citizen and resident of Nebraska, with its principal place of business in Omaha. The petition further alleged, as to the defendants not served, that the Johnson corporation was a citizen and resident of Delaware, while the Condon-Cunningham corporation was a Nebraska corporation.

The petition was not verified, nor signed by any of the defendants, the signature thereto reading:

William F. Tompkins
United States Attorney
Attorney for Petitioners
Charles H. Hoens, Jr.
Assistant U. S. Attorney

Nor was any removal bond filed.

■ Plaintiff was served with notice of the filing of the petition. On stipulation shortly thereafter, an order was obtained extending time to answer. Plaintiff now moves to remand the cause to the Superior Court of New Jersey, on the grounds that (1) the petition for removal was not verified, (2) some of the defendants did not join in the petition, and (3) no removal bond was filed, despite the elapsing of the time for filing the removal petition.

(1) While the removal statute [1] calls for the filing of a "verified petition" and a bond, the courts have established the rule that mere details in the steps for removal, without substantial effect on the rights of the parties, are but "modal and formal", irregularities in the pursuit of which are not fatal, let alone jurisdictional, and are consequently either subject to waiver, or are curable, even after the time to file petition for removal has expired. In Kramer v. Jarvis, D.C.Neb.1948, 81 F.Supp. 360, Judge Delehant has cited many decisions in that regard, though reaching the conclusion that the removing defendant there had simply failed utterly to follow the statutory requirements, so that a remand followed.

■ Of course, the time for filing the petition and its substantial nature are important. But these are covered by the petition itself, not the verification, the latter being but formal, whose purpose, at best, is to give some assurance as to the verity of the facts stated in the petition, for the protection of the plaintiff whose case has been removed. But this protection of the plaintiff is furnished primarily by the removal bond. Hence the lack of a verification is not fatal, but is curable, with reasonable promptitude.

■ (2) As to the fact that all defendants named in the complaint did not join in the petition, but only those who have been served as defendants, it is well settled that defendants named, but not yet made parties, need not join in removing a suit in which they are not yet concerned. Driscoll v. Burlington, etc. Bridge Co., D.C.N.J.1949, 82 F.Supp. 975, 985. Further, even if the stipulation for the extension of time to answer constituted an appearance on behalf of the defendants not served, since this joint stipulation and order was not filed till after the petition for removal was filed, it cannot affect the validity of the petition, which speaks as of the time it was filed.

(3) However, the lack of the filing of any removal bond whatever, within the time limited for removal, raises a more serious question. As to such bond, the statute [2] provides "Each petition for removal of a civil action or proceeding, except a petition in behalf of the United States, shall be accompanied by a bond with good and sufficient surety, conditioned that the defendant or defendants will pay all costs and disbursements * * *" in case of remand. The statute further provides "Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal * * *." The bond therefore has the important purpose of protecting plaintiff in case the removal is wrongful. Not only does the statute also indicate that the filing of the bond, among other things, is essential to "effect the removal", but should the removing defendants perchance be unable thereafter to procure "a bond with good and sufficient surety", plaintiff would be wronged, and left without the important

1. Title 28 U.S.C.A., Judiciary, § 1446(a).

2. Title 28 U.S.C.A., Judiciary, § 1446, subsections (d) and (e).

remedy that Congress intended he should have. In situations where a removal bond is requisite, no case has been cited to the Court, or found, where the lack of a removal bond after the expiration of the time for removal, has been held curable, if not waived. The utmost the courts have done is to waive irregularities in a properly filed bond, or to permit its filing after the petition, provided it is filed before the time for removal has expired. Tucker v. Kerner, 7 Cir., 1950, 186 F.2d 79, 23 A.L.R.2d 1027.[3]

Thus, because of the important protective purposes which the removal bond serves, the total failure to file it timely would not seem a mere irregularity, curable after the time for removal has expired—provided, of course, such a bond is requisite at all.

The point is now pressed by the "United States Attorney, Attorney for Petitioners"—such petitioners being solely Groves and Kiewit—that no removal bond is requisite under the statute, because of the provision therein that "a petition in behalf of the United States" need not be accompanied by a bond that "defendants will pay all costs and disbursements". Plaintiff denies that the removal petition is one filed "in behalf of the United States". The solution of this issue thus depends on the petition itself and the proper construction of the removal statute in the light of its purpose.

■ The prime purpose of the removal bond is to be sure that, if the removal turns out to be wrongful, plaintiff, thus wronged, shall be assured of the collection of his "costs and disbursements", as ordered by the Court to be paid. But of course these "costs and disbursements" can be ordered by the Court to be paid, only by a party to the suit, specifically, the removing defendant. On general principles, the Court is powerless to order costs paid by one not a party to the suit, and over whom it thus

has no jurisdiction—and this quite regardless of the terms of the statute. Hence one who removes a cause, and is subject to the imposition of costs by the Court if the removal is wrongful, must be a party to the suit.

Turning to the petition, we find (a) the United States is not even mentioned in the petition itself, (b) the sole petitioners are the two defendant corporations, Groves and Kiewit, (c) the grounds of the petition are not those which concern the United States in any wise, but on the other hand the diversity of citizenship of Groves and Kiewit from that of plaintiffs, (d) the U. S. Attorney who signs, after describing himself as United States Attorney, and without reference to any connection of the United States with the removal petition, adds that he is "Attorney for Petitioners"—Groves and Kiewit. There is not the slightest basis, therefore, to hold that the United States itself has, by the petition, become a party subject to the jurisdiction of the Court, and subject therefore to the imposition of removal costs and disbursements. Thus, if the removal is wrongful, this petition gives plaintiff not the slightest protection, as intended by the Congress, to collect costs and disbursements, as imposed by order of the Court. The United States is here not a party, against whom costs can be ordered (even where Congress has granted such authority), and the actual removal petitioners have furnished no bond.

■ True, the United States and its officers and agencies, when representing the sovereignty, can have costs imposed on them by the courts only when Congress permits. F.R.C.P. 54(d), 28 U.S. C.A. In cases where this can be done, it obviously can be done only as to a party to the suit, on the general principles alluded to above. But in cases where costs can not be imposed, even as to the United States, when a party to the suit, the plaintiff, whose suit is wrongly re-

3. Such is the general purport of the reasoning in the many cases gathered in 45 A.J., Removal of Causes, pages 914 and 915, Bond for Removal, and 76 C.J.S., Removal of Causes, § 216.

moved by the United States itself, is stripped of the limited protection which Congress intended to give him normally in the form of the removal bond. He cannot obtain an order for costs against the United States, since the Congress has not authorized it by other legislation than the removal statute. He cannot obtain it against the individual defendants under the removal statute, since not they, but the United States, have filed the removal petition. This of itself is a hardship. Nor can it be presumed that Congress intended to increase this hardship, by lessening its limited protection to plaintiff more often than the words of the statute reasonably require. In fine, a removal petition filed "in behalf of the United States" can only mean the normal petition filed by the United States as a party to the cause. It can not fairly be construed to cover the relatively numerous additional petitions, filed in the name of a private party, where some remote interest of the United States, of policy or otherwise, has been a motivating factor in its filing. Such cases often arise, where removal petitions are filed in the names of some of the countless employees of the United States, whom the United States Attorney normally appears in court to protect, as a matter of governmental policy. If these latter cases were to be considered as included in the petitions filed "in behalf of the United States," in none of them could plaintiff require a bond either of the United States or of the private party who filed the removal petition, and thus the Congressional intent to give limited protection to the plaintiff would be largely thwarted. Indeed, the statute hereafter alluded to (see footnote 4), in effect for many years, so far as here pertinent, used very different words than "in behalf of the United States" in speaking of the requirement of security for costs in the class of cases last referred to. This, of itself, goes far to show that Congress did not intend to cover this latter class of cases—the situation in the case at bar—when it spoke of petitions filed "in behalf of the United States".

■ The suggestion is made— solely in the briefs and without a word in the petition or the rest of the record —that, in any event, the United States will ultimately pay Groves and Kiewit, or plaintiff, for any costs and disbursements assessed against Groves and Kiewit—and even though they have filed no bond, as required by the statute—because the instant cause of action is based upon their contract with the United States, to do work for it in Greenland. But, even if this Court should be controlled by off-the-record facts, these facts give this Court no right to impose removal costs and disbursements on the United States for a wrongful removal, even assuming the United States to be subject to costs otherwise. Nor do they give any right to a plaintiff so wronged to recover such costs and disbursements from the United States. His right, and this Court's right, so to do, lie only against Groves and Kiewit, the sole removing petitioners. It is suggested that the present situation is similar to that of a casualty insurance company which, by its contract with the insured, is authorized to have the company attorney take up the defense of a suit against the insured. But even if this be a correct analogy, it is well settled that normally that contract gives the insurance company itself no standing in the suit. Any action by its attorney must be in the name of the insured—here the corporate defendants, who have given no bond. Since the United States is in no wise mentioned in the petition itself, and is not a party subject to the jurisdiction of the Court, the above situation, even if true, does not make the petition one filed "in behalf of the United States," against whom costs and disbursements can be ordered. Nor is this situation at all changed by the fact that the United States Attorney describes himself as such, when, in the next breath, he states that he is acting as "Attorney for Petitioners"—Groves and Kiewit. Of course,

**64**

it is to be assumed that the United States Attorney is not acting wrongfully, but in some way to protect the interests of the United States, unstated, and remote from the case itself, though they be. This is his right, not to say his duty, as where, for instance, he represents an official under attack, such as the Chief Justice of the Court of Claims of the United States, as in Booth v. Fletcher, 1938, 69 App.D.C. 351, 101 F. 2d 676, or, as is more usual, a subordinate employee, such as a mail truck driver. But in either case, when, as here, the petitions for removal are in the name of the individual, the petition is not one filed "in behalf of the United States," but in behalf of the individual, the removing petitioner, the party defendant against whom alone costs and disbursements on removal may be ordered by the Court. Hence the removal statute itself does not relieve the removing petitioners, Groves and Kiewit, from the duty of filing the removal bond.

However, subsequent to the oral argument, it was, for the first time, suggested in a supplemental brief that no removal bond need be filed by reason of an entirely different statute.[4] It is stated solely in this brief, and without support in the record, that Groves and Kiewit were "acting under the direction of" a department or agency of the United States in filing the removal petition, and thus no "security for * * * costs" could be required of such corporate defendants themselves. Again this Court cannot base its action upon an off-the-record statement. But of course this statute is in pari materia with the removal statute, and a bond for costs can hardly be required of a party not subject to costs.

▮▮▮ This latter statute was a part of the revision of the entire old Judicial Code, specifically of its Section 870.[5]

Wherever this revision was of substance, and other than of phraseology, the revisers were careful to note same in writing under the respective sections, these notes being before the Congress at the time of the adoption of the new Code. Therefore they were presumptively adopted by the Congress in the light of such notes, and in accord with the intention of the revisers. Ex parte Collett, 337 U.S. 55, 61 (1948). Section 870 provided that security for costs should not be required from the same parties stated in the present statute "either to prosecute said suit, or to answer in damages or costs." In other words, the old statute prevented the requirement of costs from such parties, including "any party acting under the direction * * * of any department" of the Government, whether such party was plaintiff or defendant. While the revisers note carefully all other changes in substance made by them in Section 870, they note no change in substance as to changing this protection of such party defendants from the requirement of security for costs, though they do note that there were other changes made in mere phraseology. Since the present statute covers the requirements of "security for damages or costs" generally, without allusion to whether such party is acting as plaintiff or defendant, it is therefore clear that the revisers intended, and consequently the Congress intended, to retain, by the above general language in the new statute, as a mere change in phraseology, the substance of Section 870, in relieving the same parties from furnishing security for costs, when acting as defendants, as well as plaintiffs. Thus the new statute applies to Groves and Kiewit in the removal petition here, if, in such removal, they were "acting under the direction of any such department or agency". Furthermore, since

---

4. Title 28 U.S.C.A., Judiciary, § 2408. "Security for damages or costs shall not be required of the United States, any department or agency thereof or *any party acting under the direction of any such department or agency* on the issuance of process or the institution or prosecution of any proceeding. * * *" June 25, 1948, chapter 646, 62 Stat. 972 (italicizing this Court's).

5. Title 28 U.S.C.A., Judicial Code, § 870 (1928 ed.) R.S. § 1001.

the removal statute does not require any such proof to appear in the petition, it may be made later than the removal, if made with reasonable expedition.

It would therefore seem that the removing defendants, Groves and Kiewit, should be given an opportunity to establish on the record that they were, in filing the removal petition, "acting under the direction of" some Government "department or agency". Further, the present removal petition should be verified with reasonable expedition.

An order may accordingly be entered continuing the motion for remand, pending prompt action by the removing defendants—Groves and Kiewit—consistent with this opinion.