**Paul SULGER, Appellant,**

v.

**B. H. POCHYLA, Constance Pochyla, Thomas A. Ryan and Katherine Ryan, Appellees.**

**No. 21874.**

United States Court of Appeals
Ninth Circuit.

June 26, 1968.

Certiorari Denied Dec. 9, 1968.

See 89 S.Ct. 451.

George T. Davis (argued), San Francisco, Cal., for appellant.

Edward E. Davis (argued), U. S. Atty., Jo Ann D. Diamos, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before ELY and CARTER, Circuit Judges, and PECKHAM, District Judge.*

JAMES M. CARTER, Circuit Judge.

This action in three counts was removed from the Arizona State court, to the United States District Court, District of Arizona, pursuant to 28 U.S.C. Section 1442[1] on the ground that the appellees, B. H. POCHYLA and THOMAS A. RYAN, were officers of the United States, as provided in the above cited statute.

The appeal is from an order granting summary judgment in favor of the appellees. Appellant abandoned on this appeal any question as to the first two causes of action, and the count that remains charges malicious slander.

This court has jurisdiction pursuant to the provisions of 28 U.S.C. § 1291.

## THE QUESTION

The question presented is whether the appellees, Pochyla and Ryan, Army officers, are immune from the action for slander for statements made during an investigation of the appellant's business. There is no possible basis for liability as to the appellee wives.

## THE FACTS

The appellee, Pochyla, a Major General of the United States Army, was Commanding General of the Army Electronic Proving Grounds at Fort Huachuca, Arizona, from September 1, 1963 through June 1966. Appellee, Colonel Ryan, was Staff Judge Advocate at the Proving Grounds during this period.

In the latter part of 1964, numerous complaints were made to the military authorities concerning the condition of appellant's limousines and taxis, and the quality of the service provided. Reports were made to General Pochyla, and after an investigation and conferences with appellant, sworn affidavits were obtained of Army personnel who travelled in the appellant's limousine on Govern-

---

* Hon. Robert F. Peckham, United States District Judge, Northern District of California.

1. 28 U.S.C. § 1442, reads in pertinent part:
"§ 1442. Federal officers sued or prosecuted
(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or * * *. (June 25, 1948, c. 646, 62 Stat. 938.)"
The action could have been removed under 28 U.S.C. § 1442a:

"§ 1442a. Members of armed forces sued or prosecuted
A civil or criminal prosecution in a court of a State of the United States against a member of the armed forces of the United States on account of an act done under color of his office or status, or in respect to which he claims any right, title, or authority under a law of the United States respecting the armed forces thereof, or under the law of war, may at any time before the trial or final hearing thereof be removed for trial into the district court of the United States for the district where it is pending in the manner prescribed by law, and it shall thereupon be entered on the docket of the district court, which shall proceed as if the cause had been originally commenced therein and shall have full power to hear and determine the cause. Added Aug. 10, 1956, c. 1041, § 19(a), 70A Stat. 626."

ment travel requisitions to or from the Tucson International Airport.

The reports and affidavits were forwarded to the Arizona Corporation Commission by Colonel Ryan, at the direction of General Pochyla. An Order to Show Cause why appellant's license to operate limousines and taxi cabs should not be revoked, was issued by the Arizona Corporation Commission and a hearing was scheduled for February 11, 1965. General Pochyla was subpoenaed at appellant's request, and Colonel Ryan accompanied him to the hearing. The Corporation Commission took the matter under advisement.

Thereafter and prior to April 2, 1965, Colonel Ryan advised General Pochyla that a substantial amount of new evidence had been brought to the Colonel's attention as a result of a criminal complaint filed by appellant against a soldier stationed at Fort Huachuca. Further investigation was conducted and more affidavits were obtained. This investigation revealed that appellant was apparently soliciting soldiers to go to Mexican border towns for immoral purposes and in violation of Army Regulations.

As a result of the new evidence, Colonel Ryan at General Pochyla's request, filed on April 8, 1965, a petition to reopen the hearing in appellant's matter before the Commission, and to receive new evidence. The petition was granted, and the new hearing took place beginning June 7, 1965.

The allegedly slanderous statements, set forth in the first cause of action and incorporated by reference in the third cause of action (the only one before us on this appeal), were as follows:

"That Paul Sulger, on numerous occasions in Sierra Vista and elsewhere, openly and notoriously solicited transportation for hire to carry members of the United States Army stationed at Fort Huachuca for illicit and immoral purposes and extending credit to such passngers, so that said monies be used for drinking and illicit and/or immoral purposes."

This statement was taken in part but not verbatim from the new charges filed with the Commission on April 8, 1965.[2]

The June hearing was devoted to the allegations that appellant solicited fares from soldiers stationed at Fort Huachuca to certain establishments in Naco, Sonora, Mexico, located on the United States and Mexican border. In August 1965, the Commission entered its order revoking and cancelling appellant's certificate for doing business. In doing so, the Commission stated that "[a]fter due consideration, the Commission finds that the allegations of complainants' complaint are true and that Respondent had violated the rules and regulations  *  * " of the Commission and of the State of Arizona.[3]

On May 2, 1966, appellant filed this action against the appellees, Pochyla and Ryan and their wives, in the Superior Court of the State of Arizona. On mo-

2. The actual charge filed on April 8, 1965, with the Commission and from which appellant extracted the language shown in his complaint, was contained in paragraph II of the petition to reopen and read as follows:

"That said Paul Sulger, acting individually and through his agent cab drivers, had on numerous occasions in Sierra Vista, Arizona and elsewhere, openly and notoriously, solicited transportation for hire to carry members of the United States Army, stationed at Fort Huachuca, to Naco, Mexico, expressly in violation of the regulations of the United States Army Electronic Proving Ground, *and* with the knowledge that said transportation could be for illicit and immoral purposes. That said Paul Sulger has promoted the soliciting of hired transportation for such purposes by extending credit to passengers for the cost of said transportation from Sierra Vista to Naco, Mexico, and return and by advancing to said passengers sums of money to be used for drinking, illicit and/or immoral purposes at Naco, Mexico."

3. This order was reversed by the Arizona Court of Appeals on procedural grounds. Sulger v. Arizona Corporation Commission, 5 Ariz.App. 69, 423 P.2d 145.

tion it was removed to the United States District Court.

Appellees filed a motion for summary judgment, supported by affidavits of General Pochyla and Colonel Ryan, to the effect that all acts done by them were in the course of their military duties. Affidavits of the appellee wives were filed, which stated that they were in no way involved, and had no knowledge of any of the facts. Before hearing, the affidavits of Major General Cagwin, the superior of General Pochyla and of Colonel Johnson, the superior of Colonel Ryan, were filed stating the authority of Pochyla and Ryan in all matters concerning the "health, safety and moral well being" of all military and civilian personnel at the Fort.

Appellant filed affidavits of two witnesses, Stone and Thornton. Stone, in his affidavit, stated that Colonel Ryan said in May 1965, that appellant and his wife were morally unfit to conduct the business, and that "we", meaning he and General Pochyla, were going to put appellant out of business; and that appellant was soliciting for prostitutes and was a pimp.

Thornton stated in his affidavit, that in May 1965, Colonel Ryan said that appellant and his wife were morally unfit and that "they" were going to put appellant out of business.

On this record the matter was heard, and on August 10, 1966, the trial judge instructed the clerk to enter an order *granting* the motion for summary judgment. By error the clerk entered an order *denying* the motion.

Depositions were taken and on January 16, 1967, the government, believing the motion had been denied, again filed a motion for summary judgment. The trial judge, upon the filing of the new motion, discovered the clerk's error and on the same day instructed the entry of a correct order granting the motion for summary judgment nunc pro tunc as of August 10, 1966, and the same was properly entered by the clerk.

The depositions taken after August 10, 1966, are not properly before us, except that during oral argument of this appeal, counsel for appellant stipulated and urged this court to consider the depositions as to the fact that both Stone and Thornton, who made the affidavits herein, were approached in May 1965 by Colonel Ryan to be witnesses for the Army before the Arizona Commission. It is clear from the depositions that the words said by Colonel Ryan were in the course of conversations in part discussing the coming reopened Commission hearing, in June 1965.

## DISCUSSION

The alleged slander was made during the investigation of the case before the Arizona Commission against appellant. The first of appellant's two witnesses, Stone, was approached by Colonel Ryan and asked to be a witness at the hearings before the Arizona Corporation Commission. The second witness, Thornton, was appellant's former partner and present employee. The subject of appellant arose in a telephone conversation with Colonel Ryan, in which there was discussion of the fact that Thornton failed to appear at the first hearings before the Arizona Corporation Commission, after being subpoenaed.

In the case of Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), the Court held that governmental officers have an absolute privilege and immunity against suits for damages against them arising out of actions taken by them within the perimeter of their line of duty. In S & S Logging Co. v. Barker, 9 Cir., 366 F.2d 617 (1966), this circuit held that immunity from suit granted to governmental employees is not limited to those of cabinet rank, nor to those exercising judicial or quasi-judicial functions. and quoted from Barr v. Matteo (supra), " 'The privilege is * * * an expression of a policy designed to aid in the effective functioning of government. The complexities and magnitude of governmental activity have become so great

that there must of necessity be a delegation and redelegation of authority as to many functions, and we cannot say that these functions become less important simply because they are exercised by officers of lower rank in the executive hierarchy.'" (366 F.2d at 620).

■ There can be no question that interviewing potential witnesses for a hearing in which the United States Army was a participant is within the holdings of a long line of immunity cases.[4] Colonel Ryan was ordered by the Post Commander, General Pochyla, to conduct an investigation of appellant's business after complaints were received from Army personnel. As Commanding General of Fort Huachuca, General Pochyla was directly responsible for and authorized to initiate any necessary action in all matters which pertained to or affected the health, safety and moral well-being of all military and civilian personnel assigned to the Army Post. General Pochyla was acting in the line of duty when he ordered an investigation of appellant's business after receiving complaints from soldiers stationed at the Fort.

Colonel Ryan had been ordered to make the investigation and he was therefore acting within the scope of his duty when he made the alleged statements during interviews with potential witnesses, and while appellant's case was being discussed. The statements made by Colonel Ryan to Stone and Thornton, related to the pending charges before the Arizona Commission. The oral statements were part of the charge the Army expected to prove. The further statement that "they", meaning Pochyla and Ryan, were going to put appellant out of business was an honest statement of what they expected to accomplish before the Commission.

"The fact that the action here taken was within the outer perimeter" of his line of duty "is enough to render the privilege applicable, despite the allegations of malice in the complaint * *". Barr v. Matteo, supra, 360 U.S. at page 575, 79 S.Ct. at page 1341.

■ Appellant's contention that the District Court had no jurisdiction over the cause of action, since no bond was filed as required by 28 U.S.C. § 1446(d), is without merit. Section 1446(d) specifically exempts the necessity for a bond in any petition for removal "in behalf of the United States." Appellees' verified petition for removal, setting forth the fact the General Pochyla and Colonel Ryan were United States Army officers, was signed and filed by the United States Attorney's office.

Appellant contends however, 'that unless the United States is actually a party to the suit, the petition is not in behalf of the United States. Appellant relies on Nelson v. Peter Kiewit Sons' Co., 130 F.Supp. 59 (D.C.N.J.1955), in which a petition for removal was signed by the United States Attorney. The petition made no other mention that removal was made at the request of a department or agency of the United States. The Court said that the sole petitioners were the defendants, all of which were civilian contracting companies. These facts are clearly distinguishable from the instant case in which the petition specifically sets forth that the appellees are United States Army officers. In *Kiewit*, supra, the Court said the grounds of the petition are not those which concern the United States in any way. In the instant case, it is clear that the United States has a great deal at stake, to wit, Army officers acting within the scope of their authority.

Appellant's claim that a bond should have been filed must fall also on the ground of waiver. In Ayers v. Watson, 113 U.S. 594, 5 S.Ct. 641, 28 L.Ed. 1093 (1885), the Court said that "the proffer of a proper bond" is "essential *if insisted on,* but, according to the ordinary principles which govern such cases, may be waived, either expressly or by impli-

---

4. See Norton v. McShane, 332 F.2d 855 (5 Cir. 1964), footnote 5, for an extensive list of immunity cases.

■

cation." [Emphasis added.] Appellant has waived his objection by not raising it in the Court below.

We hold that the statements made were absolutely privileged. The judgment of the District Court is affirmed.