STATE OF UTAH and the State of Utah by its State Tax Commission, and by its Department of Social Services, Plaintiffs,

v.

James M. LIVSEY, Steven N. Hirst, Joell A. Jensen, John Doe I, John Doe II and Breitling Brothers' Construction, Inc., Defendants.

No. C 39–70.

United States District Court,
D. Utah, C. D.

April 26, 1970.

**1398**

Vernon B. Romney, Atty. Gen., State of Utah, and Paul E. Reimann, Asst. Atty. Gen., for plaintiffs.

Samuel H. Blackham, Deputy County Atty., Salt Lake City, Utah, for defendant Breitling Brothers' Construction, Inc.

C. Nelson Day, U. S. Atty., and H. Ralph Klemm, Asst. U. S. Atty., for all other defendants.

## ORDER DENYING MOTION TO REMAND

CHRISTENSEN, District Judge.

This is a civil action in which the State of Utah brought suit in state court against three federal revenue agents for general and punitive damages and other injunctive relief arising out of their allegedly unlawful conduct in connection with official duties. A Utah corporation and certain unknown persons were also named as parties defendant. The revenue agents filed a petition for removal, and we now have before us the motion of plaintiff to remand the action to state court and the motion of defendants to dismiss the complaint.

The complaint filed in state court alleges in substance that the three individual defendants and other unknown persons have over the past several years by means of threats, intimidation, misrepresentation, and other inducements caused numerous taxpayers who are individuals and businesses in the State of Utah, and specifically Breitling Brothers' Construction, Inc., to convey or assign their property for less than fair consideration. Such activities are asserted to be in violation of the state statute against fraudulent conveyances. The complaint further alleges that these individual defendants acted with malicious intent and for the purpose of delaying and defrauding the creditors of the taxpayers including the State of Utah, and with knowledge that the result of their action would be the destruction of the taxpayers' businesses and their ability to meet outstanding obligations. Plaintiff specifically alleges that the defendants threatened officers of Breitling Brothers' Construction, Inc., that they would "destroy" the company if it did not immediately convey all corporate assets; the company is presently engaged in a road construction project for the State of Utah. Plaintiff alleges damages in the form of uncollectable tax arrearages of local taxpayers, loss of various future taxes, inability to enforce certain contracts and other obligations, loss from increased state welfare payment and unemployment compensation caused by the destruction of local businesses. Plaintiff seeks $300,000 in general damages, $100,000 in punitive damages, and such injunctive relief as may be appropriate.

Plaintiff obtained a temporary restraining order issued out of state court which restrained the individual defendants from interfering with the operation or business of Breitling Brothers' Construction Company, from taking possession of its properties, and from making any threats to the company or its employees; Breitling Brothers was restrained from making any assignment of assets other than in the normal course of business. Five days after issuance of the restraining order and with the consent of plaintiff, Breitling Brothers obtained an order from state court that

authorized the company to execute mortgage transactions to raise funds in order to pay outstanding federal taxes, and the taxes have now been paid.

The individual defendants filed a petition for removal pursuant to 28 U.S.C. §§ 1441, 1442, 1446 on grounds that they were Internal Revenue agents, that such acts as were done by them were in the performance of their duties as agents and on the behalf of the United States, and that the suit was actually a suit against the United States to enjoin the collection of lawful taxes. The individual defendants also filed a motion to dismiss.

The plaintiff has filed a motion to remand on the grounds that defendants' petition for removal does not contain a plain and short statement of the facts justifying removal, that the alleged unlawful acts were outside the scope of their duties as federal officers, that the suit is against the individual defendants and not against the United States, and that the defendants failed to file a bond with their petition.

■ It is clear that plaintiff in this action concealed facts which render the action removable by failing to state that the defendants were federal revenue agents and that the alleged unlawful conduct was done by them in connection with their federal offices in attempting to collect taxes due the United States. These facts are manifest in the petition for removal, the affidavits and in the complaint read in light of the affidavits. Hence, the usual rule that the federal nature of the case must appear from the face of the complaint does not apply and the case was subject to removal. 28 U.S.C.A. § 1442(a)(3). *See* Bradford v. Harding, 108 F.Supp. 338 (D.N.Y.1952); 1A J. Moore, Federal Practice, ¶ 0.160 n. 18, ¶ 0.164[2] n. 10 (2d ed. 1965). *Cf.* Crow v. Wyoming Timber Prods. Co., 424 F.2d 93 (1970), 10th Cir.).

■ The plaintiff also contends that the removal petition without an accompanying bond does not confer jurisdiction on this court, and that the defect cannot be corrected subsequent to expiration of the time for filing the petition. A district court acquires its jurisdiction on removal from the petition, while the bond is exacted only to protect the plaintiff against improper removal. *E. g.,* Tucker v. Kerner, 186 F.2d 79, 82 (7th Cir. 1950); James River Apartments, Inc. v. Federal Housing Administration, 136 F.Supp. 24, 29 (D.Md. 1955). Notwithstanding this, the failure to timely file a bond when required, unless waived, may be fatal to removal. Richlin Advertising Corp. v. Central Florida Broadcasting Co., 122 F.Supp. 507 (S.D.N.Y.1954). Beyond this we must now determine whether a bond is to be required of these individual defendants.

■ The removal statute excepts from the bond requirement a petition filed "in the behalf of the United States", and defendants assert that this exception is applicable to a petition signed and filed by the United States Attorney's Office on the behalf of federal officers, and where the United States has a stake in any injunctive relief granted against its officers. *See* Sulger v. Pochyla, 397 F.2d 173, 177 (9th Cir.), cert. denied, 393 U.S. 981, 89 S.Ct. 451, 21 L.Ed.2d 442 (1968). We do not believe that a proper conclusion can rest solely upon whether the United States Attorney in its discretion chooses to defend a suit against federal officers.

■■ But the bond provision in the removal statute must be read in pari materia with 28 U.S.C. § 2408 which provides:

> Security for damages or costs shall not be required of the United States, any department or agency thereof or any party acting under the direction of any such department or agency on the issuance of process or the institution or prosecution of any proceeding.

Suits against federal officers who are sued in their official capacity are within the class of persons "acting under the direction of" a federal department or agency within § 2408, and they need not

file a removal bond. James River Apartments, Inc. v. Federal Housing Administration, 136 F.Supp. 24, 30 (D.Md.1955); Nelson v. Peter Kiewit Sons' Co., 130 F.Supp. 59 (D.N.J.1955).

 The complaint does not on its face purport to undo any contract or transaction made on the behalf of the United States, nor prevent the consummation of any act that is being or may be carried out by these officers in the course of their daily affairs as employees of the United States. On its face it would appear that a judgment favorable to the plaintiff would effect no interest of the United States apart from the fact that it would run against employees of the United States. The exemption for petitions filed "in the behalf of the United States" does not encompass all suits in which a defense of executive immunity appears to be a probable or even a valid defense, but rather the litigant must show that he is acting under the direction of a federal department or agency in prosecuting the suit to avail himself of the statutory bond exemption.

The individual defendants have made the necessary showing in view of the temporary restraining order issued by the state court that restrained the defendants from interfering with the operation or business of Breitling Brothers' Construction, Inc. The affidavit of Roland V. Wise, District Director of the Internal Revenue Service, shows that the individual defendants who were officers in the Collection Division of the Service were assigned to collect taxes from Breitling Brothers. We cannot ignore the significance of this restraining order which was in effect on the date upon which the petition for removal was filed. Since the impact of the suit was to arrest the execution of defendants' duties pursuant to departmental orders, the defendants are acting under the direction of a federal agency within the meaning of 28 U.S.C. § 2408, and, hence, need not furnish security for costs. Since in substance no matter how plaintiffs sought to limit the allegations of the complaint, there is no question that the suit is against officers of the United States for acts under color of their offices for the collection of revenue, the cause was removable, 28 U.S.C.A. § 1442(a) (1); the bond requirement is not applicable, this now appearing. Nelson v. Peter Kiewit Sons' Co., 130 F.Supp. 59 (D.N.J. 1955).

In regard to the motion to dismiss, we believe upon review of the extensive affidavits and briefs filed by both sides that the matter is ripe for treatment as a motion for summary judgment under Rule 56. See Fed.R.Civ.Pro. 12(b). The parties are granted leave to file, if any they desire, additional affidavits and memoranda. The motion shall be set for hearing on May 25, 1970.