**ELY VALLEY MINES, INC., Pioche Mines Consolidated, Inc., Plaintiffs-Appellants,**

v.

**HARTFORD ACCIDENT AND INDEMNITY COMPANY, Americo L. Campini, Leland Donahue, Defendants-Appellees.**

No. 78–3425.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 14, 1980.

Decided May 11, 1981.

David Horton, Carson City, Nev., for plaintiffs-appellants.

Alvin N. Wartman, Las Vegas, Nev., for defendants-appellees.

Before SKOPIL and POOLE, Circuit Judges, and TAKASUGI,* District Judge.

TAKASUGI, District Judge:

Plaintiffs, commenced this action for damages against their court-appointed receiver, Americo L. Campini; Hartford Acci-

* The Honorable Robert M. Takasugi, United States District Judge for the Central District of California, sitting by designation.

dent and Indemnity Co., surety on the receiver's bond; and Leland Donahue who assisted the receiver.

The action was initially brought in a Nevada state court and removed pursuant to 28 U.S.C. § 1442(a)(3) to the U.S. District Court for the District of Nevada.

The district court denied remand and subsequently dismissed for lack of prosecution. Plaintiffs appeal both these rulings. We affirm. Our jurisdiction is founded upon 28 U.S.C. § 1291.

## I

## REMOVAL

Appellants contend that 28 U.S.C. § 1442 does not provide removal jurisdiction in the instant action.

28 U.S.C. § 1442 permits removal of an action against

Any officer of the courts of the United States, for any Act under color of office or in the performance of his duties; ...
28 U.S.C. § 1442(a)(3).

Although a receiver is an officer of the courts of the United States, the question here is whether this case involves an "Act under color of office or in the performance of his duties."

In appellants' complaint, the defendant receiver is charged with personal wrongdoing (e. g., falsely testifying before the district court, obtaining wrongful orders from the district court, failing to account as ordered by court, refusing to return proper-

ties contrary to mandate of Ninth Circuit Court of Appeals regarding wrongfully procured receivership, failing to comply with various court orders, etc.) in addition to vicarious responsibility arising out of the receiver's operation of the business (e. g., failing to maintain underground air circulation, shafts, buildings, machinery and other mining properties).

■■■ Prior to the Supreme Court decision in *Gay v. Ruff*, 292 U.S. 25, 54 S.Ct. 608, 78 L.Ed. 1099 (1934), some courts permitted removal by a federal court appointed receiver only if such suits were based upon the receiver's personal wrongdoing. Other courts also allowed removal based on negligence in the operation of the debtor's business where the receiver's liability was entirely vicarious.

Appellants contend that *Gay v. Ruff, supra*, prohibits removal here. Although the Supreme Court in *Gay v. Ruff* somewhat restricted the removability by federal receivers under § 33 of the Judicial Code,[1] it did not hold that receivers are not within the ambit of said statute. Ruff brought suit in state court against Gay, as receiver of a railway company. The cause of action alleged was wrongful death resulting from the negligent operation of a train by employees of the receiver. The defendant receiver contended that the case was removable because he was an officer of the federal court and a damage action resulting from the negligent operation of a train by his employees was a suit "for or on account of" an "act done in the performance of his

---

1. Judicial Code § 33, as amended in 1916 was essentially the same as § 1442 with respect to officers of the court. It provided:

   When any civil suit or criminal prosecution is commenced in any court of a State against any officer appointed under or acting by authority of any revenue law of the United States now or hereafter enacted, or against any person acting under or by authority of any such officer, on account of any act done under color of his office or of any such law, or on account of any right, title, or authority claimed by such officer or other person under any such law, or is commenced against any person holding property or estate by title derived from any such officer and affects the validity of any such revenue law, or against

   any officer of the courts of the United States for or on account of any act done under color of his office or in the performance of his duties as such officer, or when any civil suit or criminal prosecution is commenced against any person for or on account of anything done by him while an officer of either House of Congress in the discharge of his official duty in executing any order of such House, the said suit or prosecution may at any time before the trial or final hearing thereof be removed for trial into the district court next to be holden in the district where the same is pending upon the petition of such defendant to said district court in the following manner: [The amendment of 1916 is underlined.]

duties as such officer." The Court rejected his argument stating that:

The receiver here sued, although an officer of the court operating the railroad pursuant to the order appointing him, is not an officer engaged in enforcing an order of a court. The operation of trains through his employees is a duty imposed upon the receiver; but he is not entrusted in his capacity as receiver with the service or execution of any process of the court. Nor is there reason to assume that he will in this case rest his defense on his duty to cause the train to be operated. 292 U.S. at 39, 54 S.Ct. at 615.

Thus, the result of the Supreme Court's decision in *Gay v. Ruff* is that removal by a federal court appointed receiver is proper under 28 U.S.C. § 1442(a) when the plaintiff is challenging the receiver's personal dereliction in the execution of the Court's orders or judgments but not when the receiver is negligent in performing duties not entrusted to him by the courts. *Id.* at 35 and 39, 54 S.Ct. at 613 and 615.

This distinction drawn by the Supreme Court is the result of construing § 1442 in light of the federal interest served in providing for removal.

■ The general policy underlying federal removal legislation is to permit removal when there is a federal interest in allowing access to a federal forum.

This policy is translated into legislation with respect to court officers in 28 U.S.C. § 1442(a)(3), wherein removal is permitted by an officer of the courts "for any Act under color of office or in the performance of his duties." Given that the above quoted phrase is included in the statute, and viewing it in light of the underlying general policy, it is reasonable to conclude that such provision restricts or clarifies the types of cases that are removable by a federal court officer.

■ Where, a here, a plaintiff is challenging a receiver's personal dereliction of court imposed duties and complaining of a receiver's conduct before the appointing federal court, the issues and defenses to be tried would involve an examination of the duties and obligations of the receiver as ordered by the appointing federal court. As such, the acts of the receiver in issue are directly under color of office or in the performance of court imposed duties. Since an examination of the receiver's acts directly involves an examination of the appointing federal court's orders, there is a strong federal interest in providing federal court access.

In contrast, where an action only involves state law and the receiver is only charged with vicarious wrongdoing, as in *Gay v. Ruff, supra,* the receiver's liability is not directly based upon his acts done under color of office or in the performance of his court ordered duties. Accordingly, the nexus between the federal court orders and the charge of wrongdoing is so attenuated that federal court access is not necessary to protect any federal interest.

We therefore, hold that removal under 28 U.S.C. § 1442(a)(3) was proper.

A similar construction has been made with respect to § 1442(a)(1), which allows removal by:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

The requirement of "any act under color of such office" has been construed as requiring a causal connection between the charged conduct and the official authority.

In *Willingham v. Morgan,* 395 U.S. 402, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969) the Supreme Court addressed the issue of removability under 28 U.S.C. § 1442(a)(1) in a tort action by a federal prisoner against the warden. Speaking for the Court, Justice Marshall stated:

In a civil suit of this nature, we think it was sufficient for petitioners to have shown that their relationship to respondent derived solely from their official

duties. Past cases have interpreted the "color of office" test to require a showing of a "causal connection" between the charged conduct and asserted official authority. *Maryland v. Soper (No. 1), supra* [270 U.S. 9], at 33 [46 S.Ct. 185 at 190–191, 70 L.Ed. 449] . . . . In this case, once petitioners had shown that their only contact with respondent occurred inside the penitentiary, while they were performing their duties, we believe that they had demonstrated the required "causal connection." 395 U.S. at 409, 89 S.Ct. at 1817 (footnote omitted).

Appellants next contend that not all of the defendants joined in the removal petition and therefore it was error to deny remand.

■ The general procedural removal statute, 28 U.S.C. § 1446(a), provides that "a defendant or defendants" desiring to remove any action from the state court shall file a petition in the federal district court within which such action is pending. As a general rule, all defendants who may properly join in the removal petition must join. *Chicago, Rock Island and Pacific Railway Co. v. Martin*, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900); *Tri-Cities Newspapers v. Tri-Cities Printing Pressmen and Assistants' Local 349*, 427 F.2d 325 (5th Cir. 1970).

2. 28 U.S.C. § 1441 provides:
    (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
    (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
    (c) Whenever a separate and independent claim or cause of action, which would be

■ 28 U.S.C. § 1442(a) provides a right of removal independent of U.S.C. § 1441, for federal officers and, unlike the general § 1441 removal statute, is not keyed to the original jurisdiction of the federal district court. Section 1442(a) provides:

(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed *by them* to the district court of the United States for the district and division embracing the place wherein it is pending:

\* \* \* \* \* \*

(3) Any officer of the courts of the United States, for any Act under color of office or in the performance of his duties . . . (Emphasis added.)

Section 1441 sets out, *inter alia*, actions which are generally removable: actions over which the district courts have original jurisdiction by statute, federal question or diversity jurisdiction.[2] Courts have made a distinction in interpreting §§ 1442 and 1441. While § 1441, as in § 1446(a), provides for removal "by the defendant or the defendants," § 1442(a) uses the language, emphasized above, of removal "by them," which refers to the federal officers listed in subsection (3), *supra*.

In *Bradford v. Harding*, 284 F.2d 307 (2d Cir. 1960), the Second Circuit clarified and discussed this distinction between §§ 1441 and 1442:

removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.
    (d) Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter may be enlarged at any time for cause shown.
    As amended Oct. 21, 1976, Pub.L. 94–583, § 6, 90 Stat. 2898.

Whereas § 1441 provides for removal "by the defendant or the defendants," § 1442 uses the more ambiguous "by them." Moreover, it [§ 1442,] rests upon far stronger considerations of policy. . . .

When an action of the sort specified in § 1442 is brought against a federal officer and others, even the most literal reading would permit the federal officer alone to remove. . . . For "by them" means "by any of the following persons" and the defendants who are not federal officers are not such persons. Moreover, the policy of the section would be frustrated if a plaintiff or a prosecutor, by joining non-federal defendants with no desire to remove, could retain the suit in a tribunal that might "administer not only the laws of the State, but equally Federal law, in such a manner as to paralyze the operations of the government."

These considerations of policy also require construction in favor of removal where, as here, some persons entitled to join in the removal petition did not. 284 F.2d at 309–310 (footnotes and citations omitted).

Thus, § 1442 represents an exception to the general rule (under §§ 1441 and 1446) that all defendants must join in the removal petition. Since the federal officer is the only one entitled to remove under § 1442, he alone can remove without other defendants joining in the petition, and the entire case is removed to the federal court.

Therefore, we need not reach the issue of whether all of the defendants have joined in the removal petition.

■ Appellants also argue that the failure to post a removal bond by appellees requires this court to remand the case to the Nevada state court.

28 U.S.C. § 1446(d) provides:

Each petition for removal of a civil action or proceeding, *except a petition in behalf of the United States*, shall be accompanied by a bond with good and sufficient surety conditioned that the defendant or defendants will pay all costs and disbursements incurred by reason of the removal proceedings should it be determined that the case was not removable or was improperly removed. (Emphasis added.)

In *Sulger v. Pochyla*, 397 F.2d 173 (9th Cir. 1968), this circuit recognized that officers of the United States (two U. S. Army officers) were not required to post a bond in an action for removal. The Court did note, however, that *Sulger* involved a situation where "the United States ha[d] a great deal at stake, to wit, Army officers acting within the scope of their authority." *Id.* at 177.

In *State of Utah v. Livsey*, 312 F.Supp. 1397 (D.Utah 1970), the court held that federal reserve agents, sued for acts which occurred while they were performing their duties, were not required to post a bond:

Suits against federal officers who are sued in their official capacity are within the class of persons "acting under the direction of" a federal department or agency within [28 U.S.C.] § 2408, and they need not file a removal bond. 312 F.Supp. at 1399–1400 (citations omitted).

Also, in *James River Apartments, Inc. v. Federal Housing Administration*, 136 F.Supp. 24 (D.Md.1955) it was recognized that the Federal Housing Administration was not required to file a removal bond.

The question here is whether a removal petition submitted by a federal court appointed receiver is "a petition in behalf of the United States" so as to be immune from the statutory requirement of filing a bond.

Appellee Campini was appointed by the United States District Court for the District of Nevada. Further, all of the violations with which he is charged are orders of that court.

Few cases have discussed whether or not a receiver may be considered an officer of the United States for purposes of exemption from posting a removal bond. However, in *Gay v. Ruff, supra*, 292 U.S. 25, 54 S.Ct. 608, 78 L.Ed. 1099 (1934), while discussing a federal court appointed receiver's rights regarding removal under the then

applicable statute, § 33 of the Judicial Code,[3] Justice Brandeis stated that:

> Where § 33 is applicable, the conditions for removal are much more liberal. Removal may be had of the civil suit, at any time before trial or final hearing in the state court, regardless of the amount involved and without giving any bond, ... 292 U.S. at 34, 54 S.Ct. at 612 (footnote omitted).

While *Gay v. Ruff* held removal was improper, it was because the suit was not against the receiver for an act committed in the performance of his duties (see discussion, *supra*). Where as here the receiver was acting within the scope of his duties it would be proper to consider the petition as made in behalf of the United States and therefore exempt from the bond requirement.

Therefore, since the district court has removal jurisdiction over the defendant court appointed receiver pursuant to 28 U.S.C. § 1442(a)(3), said receiver is exempt from posting a removal bond under § 1446(d).

## II

## DISMISSAL FOR LACK OF PROSECUTION

█ The district court granted dismissal for lack of prosecution, which appellants contend was error. The standard on review is whether the district court abused its discretion. *Von Poppenheim v. Portland Boxing & Wrestling Comm.*, 442 F.2d 1047 (9th Cir. 1971).

█ Appellants contend that dismissal was error because it was appellees who caused the delay by petitioning for removal, moving to dismiss for failure to state a claim and failing to file an answer until after the court denied appellees' motion to dismiss for failure to state a claim.

An examination of the record reveals the following: Plaintiffs brought this action in state court in Nevada on October 7, 1964. A removal petition was filed by the defendant receiver on October 16, 1964. On Octo-ber 29, 1964 plaintiffs filed a petition for remand and on December 9, 1964 defendants filed a motion to dismiss for failure to state a claim. Twelve years later, on December 17, 1976, both the petition for remand and motion to dismiss were denied. Plaintiffs thereafter unsuccessfully sought reconsideration of the denial of their remand petition. On February 9, 1978 defendant receiver filed a motion to dismiss for lack of prosecution, which was granted on September 18, 1978.

In ordering dismissal, the district court approved the magistrate's report and recommendation in which it was found that there was no activity by counsel from at least December 10, 1965 until their presence was requested by the magistrate at a status conference on January 9, 1975.

The record reveals that the district court delayed in ruling on appellants' remand petition for twelve years. However, during most of that time there was no activity at all by appellants that would indicate any interest in pursuing the litigation.

Although appellants should not be punished for a delay caused by the court, it was unreasonable, under the facts of this case, for appellants to do nothing for twelve years to further their case. Appellants were well aware of their remedy in mandamus as it was a procedure they had previously used. The record indicated that no inquiries at all were made by appellants respecting their remand petition other than a letter dated December 5, 1964 directed to a district judge, who was not sitting on the instant case, informing him of the pending remand motion and requesting that he consider the remand motion and sign an order of remand.

Appellants contend that their failure to contact the court or to take any other action was no more detrimental to the situation than that of appellees, and, therefore, the delay by both counsel should be considered, citing *Finley v. Parvin-Dohrmann Co., Inc.*, 520 F.2d 386 (2nd Cir. 1975). In *Finley* the court affirmed a district court's denial of a motion to dismiss for lack of prosecution, relying in part on defendant's

---

**3.** See Footnote 1.

failure to call the court's attention to a plaintiff's undue delay in bringing a case on for trial. The Second Circuit held that such failure by defendant "may be considered as a factor in informing the court's discretion. Of course, such action by a defendant is not a necessary condition to subsequent dismissal." 520 F.2d at 392.

*Finley* may not be totally supportive of appellants' instant position. The duty of the appellate court is to decide if the district judge abused his discretion. In *Finley* the appellate court affirmed the district court's denial of the motion to dismiss. Furthermore, the Second Circuit said that dismissal is not contingent upon the action by defendant. Given these mitigating factors, *Finley* does not advance appellants' contention.

Although delay caused by a defendant may be considered by the court, the primary responsibility for furthering a case is upon the plaintiff and his attorney. *Bendix Aviation Corporation v. Glass*, 32 F.R.D. 375 (E.D.Pa.1962), aff'd per curiam 314 F.2d 944 (3rd Cir. 1963); *Tinnerman Products, Inc. v. George K. Garrett Co., Inc.*, 22 F.R.D. 56 (E.D.Pa.1958); *S. & K. Airport Drive-In, Inc. v. Paramount Film Distrib. Corp.*, 58 F.R.D. 4 (E.D.Pa.1973).

In the instant case, it is unclear how appellees' actions could be considered the cause of delay. Even if they did cause some delay, appellants have not explained how appellees' actions caused such a delay as to relieve appellants from their responsibility of furthering their suit.

In 1979, this Circuit outlined the considerations for ruling on a motion to dismiss for want of prosecution:

A district court's decision on a motion to dismiss for want of prosecution requires weighing conflicting policies: on the one hand, the court's need to manage its docket, the public interest in expeditious resolution of litigation, and the risk of prejudice to defendants from delay; on the other hand, the policy favoring disposition of cases on their merits.... Although prejudice to defendants may be presumed from "unreasonable" delay, ... whether *actual* prejudice exists may

be an important factor in deciding whether a given delay is "unreasonable." *Citizens Utilities Company v. American Telephone & Telegraph Company*, 595 F.2d 1171, 1174 (9th Cir. 1979) (citations omitted).

In applying these principles to the instant case, on one side we have the policy considerations of expeditiously resolving cases and possible prejudice to defendants, and on the other we have the interest in deciding cases on their merits. Appellees have shown actual prejudice in that all of their witnesses, except appellee Campini, are now deceased. Under these circumstances, it is dubious whether a trial on the merits could be fair to appellees. Basic common sense notions of fairness dictate that plaintiff not be rewarded for doing virtually nothing to prosecute their cause for such an extended period of time. As such, it cannot be said that the district court abused its discretion in balancing these policies.

AFFIRMED.