Richard E. GEORGE, Plaintiff—
Appellant,

v.

INTERNAL REVENUE SERVICE;
et al., Defendants–Appellees.

No. 07–16612.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 11, 2009.*

Filed Aug. 17, 2009.

Richard E. George, Menlo Park, CA, pro se.

Bruce Ellisen, Esquire, Christine Durney Mason, Rachel Wollitzer, Esquire, DOJ—U.S. Department of Justice, Washington, DC, Thomas M. Moore, Esquire, Office of the U.S. Attorney, San Francisco, CA, for Defendants–Appellees.

Before: KLEINFELD, M. SMITH, and IKUTA, Circuit Judges.

## MEMORANDUM **

Richard E. George appeals pro se from the district court's summary judgment in his action challenging collection of his 1997–1999 income taxes. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Trantina v. United States*, 512 F.3d 567, 570 n. 2 (9th Cir.2008), and we affirm.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court properly denied George's request for entry of default judgment against the federal defendants because the mere failure to answer a complaint within the statutory deadline is not a sufficient ground for entry of default judgment against the government. *See* Fed. R.Civ.P. 55(d) (explaining that default judgment against the government and its officers is proper "only if the claimant establishes a claim or right to relief by evidence that satisfies the court"); *Moore v. United Kingdom,* 384 F.3d 1079, 1090 n. 16 (9th Cir.2004) (noting that Rule 55(d) requires "district courts to reach the merits of a plaintiff's claim before entering a default judgment against the government").

The district court properly granted summary judgment to federal defendants. Contrary to George's contention, the entry of summary judgment did not violate his right to a jury trial. *See Johnson v. Neilson (In re Slatkin),* 525 F.3d 805, 811 (9th Cir.2008) ("[A] summary judgment proceeding does not deprive the losing party of its Seventh Amendment right to a jury trial."); *see also* Fed.R.Civ.P. 56(c).

The district court properly granted the state defendants' motion to dismiss for lack of subject matter jurisdiction where the state defendants never sought removal and never subjected themselves to the jurisdiction of the district court after the case was removed by the federal defendants. *See Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.,* 644 F.2d 1310, 1314–15 (9th Cir.1981) (explaining that under 28 U.S.C. § 1442, a federal defendant can remove a case to federal court without other defendants joining in the petition).

We do not consider George's newly raised argument that defendants conspired against him. *See Cmty. House, Inc. v. City of Boise,* 490 F.3d 1041, 1053 (9th Cir.2007) (holding that arguments raised for the first time on appeal are deemed abandoned absent certain narrow exceptions).

**AFFIRMED.**