**Daniel S. URBINA, Appellant,**

v.

**Georgia GILFILEN, Appellee.**

**No. 21679.**

United States Court of Appeals
Ninth Circuit.
April 23, 1969.

Arthur H. Tibbits, San Francisco, Cal., Francis T. DeMello, Honolulu, Hawaii, for appellant.

Yoshimi Hayashi, United States Atty., James F. Ventura, Asst. United States Atty., Honolulu, Hawaii; John N. Mitchell, United States Atty. Gen., Washington, D. C., for appellee.

Before HAMLEY, MERRILL and ELY, Circuit Judges.

PER CURIAM:

Daniel S. Urbina brought this diversity action against Georgia Gilfilen, to recover damages for alleged libel. Summary judgment was granted for defendant and plaintiff appeals.

In 1961, both plaintiff and defendant were employees of the United States Air Force, employed at Tachikawa, Japan. Arthur G. Palman, a civilian personnel officer of the United States, and the supervisor of defendants, initiated a removal action against plaintiff for allegedly submitting false claims for reimbursement of quarters allowance.[1] De-fendant prepared a memorandum concerning the matter in which the assertedly false and defamatory statements were made.

Defendant's motion for summary judgment was made and granted upon the ground that the memorandum was written by defendant in the performance of her duties as an employee of the United States and that, as against a claim of libel, she therefore had the defense of absolute privilege. The motion was supported by the affidavits of Palman and defendant, alleging that defendant worked under Palman's direction and control and that he had requested her to prepare the memorandum in question in the course of her duties as an employee of the Air Force.

Defendant thus invoked, and the trial court applied, the rule that if the action complained of, taken by an employee of the United States, was within the "outer perimeter" of the employee's duty, the defense of absolute privilege applies. See Barr v. Matteo, 360 U.S. 564, 574–575, 79 S.Ct. 1335, 3 L.Ed.2d 1434; Sulger v. Pochyla, 9 Cir., 397 F. 2d 173, 176.

On this appeal plaintiff argues that the cause should not have been disposed of by summary judgment because there was a genuine issue of material fact as to whether defendant, in writing the memorandum, was acting within the outer perimeter of her official duties. See Rule 56(c), Federal Rules of Civil Procedure. The only factual allegation relied upon by plaintiff as creating a genuine issue as to this is a recital in plaintiff's memorandum to the effect that defendant's acts were "beyond the outer perimeter of line of duty of federal employees. * * * "

This affidavit was insufficient to create a genuine issue of fact because it was not made on plaintiff's personal knowledge, did not set forth facts which would have been admissible in evidence,

---

1. The Court of Claims later rendered judgment in favor of Urbina on his claims.

**548**

and did not show affirmatively that plaintiff is competent to testify to the matters stated therein. See Rule 56(e), Federal Rules of Civil Procedure.

Affirmed.