Joseph L. GORDON, Plaintiff-Appellant,

v.

James K. ADCOCK, Defendant-Appellee.

No. 24766.

United States Court of Appeals, Ninth Circuit.

March 30, 1971.

James W. Foley, of Foley & Foley, San Jose, Cal., Samuel I. Sherwood, Washington, D. C., for plaintiff-appellant.

James L. Browning, U. S. Atty., San Francisco, Cal., William D. Ruckelshaus, Asst. Atty. Gen., Jerry K. Cimmet, Asst. U. S. Atty., Morton Hollander and Judith S. Seplowitz, Attys., for Dept. of Justice, Washington, D. C., for defendant-appellee.

Before CARTER, WRIGHT and TRASK, Circuit Judges.

PER CURIAM:

Gordon's action for libel in state court was removed to the district court pursuant to 28 U.S.C. § 1442(a), where it was dismissed. Action was based on a written statement made by Adcock, an officer in the United States Air Force, to the Civil Service Commission. Gordon appeals and we affirm.

Gordon, a retired Air Force officer, applied to the Civil Service Commission for federal employment in January 1964. In the course of its investigation of his qualifications, the Commission addressed an inquiry to Lieutenant Colonel James K. Adcock, then on active duty in Germany, who had, for several years, been Gordon's superior officer.

The Commission's form letter said in part:

"As one who is familiar with the applicant, we earnestly request your frank and objective evaluation of his qualifications. The information you furnish will be kept in confidence and will be made available only to Civil Service examiners and agency appointing officers."

Adcock's confidential response was not a recommendation of his former subordinate officer but rather characterized him as "slow and lethargic; shows little initiative; does just enough to get by * * *. I wouldn't employ this individual in any job under any circumstances."

Under Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), government employees have an absolute immunity against suits for damages based on libel and slander for actions taken by them "within the outer perimeter" of their line of duty "despite the allegations of malice in the complaint." 360 U.S. at 575, 79 S.Ct. at 1341. The government employee in *Barr* was Acting Director of the Office of Rent Stabilization. We have applied the rule of that case to a civilian employee of the United States Air Force, Urbina v. Gilfilen, 411 F.2d 546 (9th Cir. 1969), and to the commanding general of an Army post and his staff judge advocate, Sulger v. Pochyla, 397 F.2d 173 (9th Cir. 1968).

The letter from the Commission requesting a "frank and objective evaluation" of Gordon's fitness for employment was manifestly proper to the carrying out of the Commission's duties. 5 U.S.C. § 3301. Hence, Adcock's response, which was nothing more than

his personal evaluation, was clearly protected by the privilege.

We need not consider the alternate ground for upholding the decision of the district court that the action was barred by the statute of limitations.

Affirmed.